1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Annie Aboulian (SBN 280693)
   annie@donigerlawfirm.com
4
   DONIGER / BURROUGHS APC
5  300 Corporate Pointe, Suite 355
6  Culver City, California 90230
   Telephone: (310) 590-1820
7  Facsimile: (310) 417-3538
8
9  Attorneys for Plaintiff
   A'LOR INTERNATIONAL, LTD.
10



11            UNITED STATES DISTRICT COURT

12           CENTRAL DISTRICT OF CALIFORNIA

13                                    CV12-09270 RGK FFMx

14 A'LOR INTERNATIONAL, LTD., a     Case No.: ··
   California Limited Company, individually
15 and doing business as "CHARRIOL   **PLAINTIFF'S COMPLAINT FOR**:
   USA,"
16                                    1. COPYRIGHT INFRINGEMENT;
17 Plaintiff,                         2. VICARIOUS COPYRIGHT
                                         INFRINGEMENT;
18 v.
                                      3. CONTRIBUTORY COPYRIGHT
19                                       INFRINGEMENT;
20 HYDE PARK JEWELERS, INC., a       4. BREACH OF IMPLIED AND/OR
   Colorado Corporation; LONDON          QUASI-CONTRACT;
21 JEWELERS, INC., a New York Business
   Corporation; CELLINI JEWELERS, a  5. BREACH OF THE COVENANT OF
22 New York Company, and DOES 1         GOOD FAITH AND FAIR
   through 10, inclusive,                DEALING
23
24 Defendants.                           **Jury Trial Demanded**
25
26
27
28                          1
                        COMPLAINT

Plaintiff, A'LOR INTERNATIONAL, LTD. ("ALOR" or "Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## INTRODUCTION

ALOR is a California-based jewelry designer and dealer of great renown with decades of success and a wide-ranging, worldwide client base. ALOR's designs have been celebrated by media and consumers alike, and are regularly featured in luxury publications and stores such as Nordstrom. As part of its business, Plaintiff creates three-dimensional jewelry designs that employ its unique aesthetic, which is am innovative, and appealing nautical cable motif. ALOR has the exclusive right to sell its jewelry designs to its customers, and no other party is authorized to make sales of product bearing Plaintiff's proprietary designs without express permission from Plaintiff.

This is an action for injunctive relief and damages under statutory and common law that arises from Defendants' breach of contract and their manufacturing, importing, marketing, sale, and distribution of products that infringe ALOR's rights in its jewelry designs and advertising, as described in full below.

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and § 1338 (a) and (b), and ancillary jurisdiction over the attendant claims.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

2
COMPLAINT

4. Plaintiff is, and at all times herein mentioned has been, a California limited company in Los Angeles County, California that does business under the name "CHARRIOL USA."

5. Plaintiff is informed and believes and thereon alleges that Defendant Hyde Park Jewelers, Inc. ("HYDE PARK") is a Colorado corporation that has and/or is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant London Jewelers, Inc. ("LONDON") is a New York business corporation that has and/or is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant Cellini Jewelers ("CELLINI") is a New York company that has and/or is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that some Defendants, DOES 1 through 3, inclusive, are manufacturers and/or vendors of jewelry, which have manufactured and/or supplied and are manufacturing and/or supplying jewelry comprised of Plaintiff's proprietary designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1 through 3, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

9. Defendants DOES 4 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 4 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to

amend this Complaint to show their true names and capacities when same have been ascertained.

10. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

11. This Court has personal jurisdiction over Defendants because they are doing business in this State and District; have intentionally engaged in acts targeted at this District that has caused harm in this District; have purported to enter into agreements with residents of this State and District; and have purposefully availed itself of the privilege of conducting activities in this State and District.  In addition, many of the wrongful acts complained of herein occurred in this State and District.

12. This Court has personal jurisdiction over Defendants DOES 1 through 10 because they are doing business in this State and District; they have intentionally engaged in acts targeted at this District that have caused harm in this District; they have purported to enter into agreements with residents of this State and District; and they have purposefully availed themselves of the privilege of conducting activities in this State and District.  In addition, many of the wrongful acts complained of herein occurred in this State and District.

## BACKGROUND AS TO PLAINTIFF

13. ALOR has been designing unique and celebrated jewelry designs for decades. It enjoys substantial success in the luxury market and expends considerable

labor and expense to develop its signature pieces and structure and deploy advertising and marketing campaigns to further increase market awareness for its designs.

14. Plaintiff is the owner of a series of jewelry designs that are depicted where indicated in Exhibit 1 ("Subject Designs"). Each of these designs has been registered with the United States Copyright Office, or applied to be registered, and each was published prior to the acts alleged herein.

15. Plaintiff owns in exclusivity the copyrights related to the Subject Designs, as well as all attendant reproduction, adaptation, importation, marketing, and distribution rights.

16. Plaintiff has long been marketing, distributing, offering for sale and selling products bearing its distinctive nautical cable motif jewelry.

17. Plaintiff expended substantial time and energy in developing its line into a widely recognized unique brand of jewelry with substantial goodwill and a worldwide client base. Plaintiff's original works are featured in popular and influential fashion magazines including, *Vogue, Town & Country, Conde Nast Traveler, Vanity Fair, Marie Claire, and Allure,* and high-end regional fashion magazines such as *Vegas Magazine, Gotham Magazine, L.A. Confidential, and Ocean Drive.* Also, Plaintiff's products are sold in luxury stores such as Bloomingdale's and Nordstrom, and ALOR's products have received numerous awards and press recognition.

18. Plaintiff's copyrights in the Subject Designs are vital to Plaintiff and Plaintiff will suffer irreparable harm if any third parties, including Defendants, and each of them, are allowed to continue manufacturing, marketing, and selling goods that infringe ALOR's copyrights in the Subject Designs.

19. The Subject Designs and ALOR's advertising are readily available to the public on Plaintiff's on-line website, on third party websites, in Plaintiff's and third-

party catalogues, in magazines and other marketing outlets, and at accessory industry trade shows. This advertising has been misappropriated by Defendants in an attempt to further confuse the consumer, as set forth below.

## DEFENDANTS' INFRINGING CONDUCT

### 1. Copyright Infringement

20. Plaintiff's investigation into the unlawful use of its proprietary designs revealed that Defendants, and each of them, were purchasing, distributing, importing, advertising, and selling for profit jewelry that infringed the Subject Designs (hereinafter "Infringing Designs").

21. Attached as Exhibit 1 is a true and correct comparison of the Subject Designs and the Infringing Designs sold by Defendants, and each of them.

22. Plaintiff is informed and believes that certain of the Infringing Designs were manufactured, developed, imported, marketed, sold, and distributed by DOE Defendants.

23. Plaintiff is informed and believes and thereon alleges that HYDE PARK, LONDON, CELLINI, and/or DOE Defendants, purchased, distributed, advertised, and/or sold the Infringing Designs.

24. Prior to the alleged infringement, Plaintiff had sold the Subject Designs to its customers and otherwise publicized the Subject Designs.

25. Prior to the alleged infringement, Defendants HYDE PARK and LONDON had direct access to the Subject Designs because they were in fact former clients of Plaintiff. Defendant CELLINI had access to said designs either directly through Plaintiff, through items or advertisements in the marketplace, or through a third party.

26. Upon information and belief, Defendants', and each of their, Infringing Designs have been widely promoted, marketed, offered for sale, sold and distributed throughout the United States, including within this district.

27. Upon information and belief, the activities of Defendants complained of herein are continuing, constitute willful and intentional infringement of Plaintiff's copyright and are in total disregard of Plaintiff's rights.

28. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, procured, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed jewelry comprised of designs which are identical to, or substantially similar to, the Subject Designs, and did so willfully, with knowledge that the Subject Designs were subject to ALOR's copyright, and with knowledge that their knock-off products were infringing.

29. The use by Defendants of the Infringing Designs in connection with the sale of jewelry and/or accessories has been without the consent of Plaintiff.

30. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of acts of the Defendants in an amount thus far not determined, but in excess of the jurisdictional minimum of this Court.

31. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, procured, purchased, sold, manufactured, caused to be manufactured, imported and/or distributed jewelry featuring designs which are identical, or substantially similar to, the Subject Designs.

32. Upon information and belief, Defendants have procured, manufactured and/or imported and/or distributed, and/or marketed and/or sold the Infringing Designs in interstate commerce.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants, and Each)

33. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

34. Plaintiff has filed for United States Copyright Registrations for each of the Subject Designs. Plaintiff internally designates style numbers to each of the Subject Designs. These designs, and each of them, were offered for sale prior to the acts complained of herein, and are owned exclusively by the Plaintiff.

35. Pursuant to 17 U.S.C. § 106 of the Copyright Act, Plaintiff, as owner of the Subject Designs, possesses exclusive rights in the Subject Designs.

36. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Plaintiff's designs, including, without limitation, the Subject Designs, including, without limitation, directly through ALOR and/or its subsidiaries and/or affiliates or through (a) access to Plaintiff's on-line website; (b) access to widely circulated magazines that featured Plaintiff's designs (c) access to illegally distributed copies of Plaintiff's designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas manufacturers; (d) access to the Plaintiff's designs as sold at retail or on-line retail stores; (e) access to the Plaintiff's designs as displayed by Plaintiff, and Plaintiff's customers and affiliates, at fashion industry tradeshows.

37. Plaintiff is informed and believes that Defendants, and each of them, had access to Plaintiff's designs, including but not limited to the Subject Designs, because they have previously met directly with ALOR and/or purchased jewelry directly from ALOR as clients.

38. Plaintiff is informed and believes and thereon alleges that CELLINI and one or more of the Defendants manufactures jewelry and/or is a jewelry vendor. Plaintiff is further informed and believes and thereon alleges that certain DOE Defendant(s) has an ongoing business relationship with other Defendants and supplied jewelry to other Defendants, which jewelry infringed the Plaintiff's designs, including without limitation, the Subject Designs, in that said jewelry was composed

of   designs that were identical or substantially similar to one or more of Plaintiff's designs.

39. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by procuring, creating, making and/or developing directly infringing and/or unlawful derivative works from Plaintiff's designs, including without limitation the Subject Designs, and by importing, producing, distributing and/or selling infringing jewelry through a nationwide network of customers, retail stores, catalogues and through on-line websites. This conduct violated Plaintiff's exclusive rights in the Subject Designs.

40. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

41. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's designs, including, without limitation, the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs in an amount to be established at trial.

42. Plaintiff is informed and believes and thereon alleges that Defendants, and each, infringed Plaintiff's copyrights with knowledge that Plaintiff owned the exclusive rights in the Subject Designs, and that Defendants' acts described herein constituted infringement, and/or that Defendants, and each, were reckless at minimum in committing the infringement alleged herein. Per the above, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants,

1  and each of them, willfully and intentionally misappropriated and/or infringed

2  Plaintiff's copyrighted Subject Designs, which renders Defendants, and each of

3  them, liable for the enhanced and statutory damages as described herein and/or a

4  preclusion from deducting certain overhead costs. Within the time permitted by law,

5  Plaintiff will make its election between actual damages and statutory damages.

6  **SECOND CLAIM FOR RELIEF**

7  **(For Vicarious Copyright Infringement - Against All Defendants, and Each)**

8       43. Plaintiff repeats, realleges and incorporates herein by reference as though

9  fully set forth the allegations contained in the preceding paragraphs, inclusive, of this

10  Complaint.

11       44. Plaintiff is informed and believes and thereon alleges that Defendants, and

12  each of them, are vicariously liable for the infringements, and each of them, alleged

13  herein because they had the right and ability to supervise the unlawful manufacturing

14  and/or distribution of Infringing Designs and because they had a direct financial

15  interest in the infringing conduct.

16       45. Due to Defendants' acts of copyright infringement as alleged herein,

17  Defendants, and each of them, have obtained direct and indirect profits they would

18  not otherwise have realized but for their infringement of Plaintiff's designs,

19  including without limitation, the Subject Designs. As such, Plaintiff is entitled to

20  disgorgement of Defendants' profits directly and indirectly attributable to

21  Defendants' infringement of Plaintiff's designs, in an amount to be established at

22  trial.

23       46. Plaintiff is informed and believes and thereon alleges that Defendants, and

24  each, infringed Plaintiff's copyrights with knowledge that Plaintiff owned the

25  exclusive rights in the Subject Designs, and that Defendants' acts described herein

26  constituted infringement, and/or that Defendants, and each, were reckless in

27  committing the infringement alleged herein. Per the above, Defendants' acts of

28

10
COMPLAINT

copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated and/or infringed Plaintiff's copyrighted Subject Designs, which renders Defendants, and each of them, liable for the enhanced and statutory damages as described herein and/or a preclusion from deducting certain overhead costs. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## THIRD CLAIM FOR RELIEF

**(For Contributory Copyright Infringement - Against All Defendants, and Each)**

47. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

48. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in, and profited from the illegal reproduction and/or subsequent sales of jewelry featuring Plaintiff's designs, including, without limitation, the Subject Designs as alleged hereinabove.

49. By reason of the Defendants', and each of their, acts of contributory infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

50. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's designs, including without limitation, the Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to

Defendants' infringement of Plaintiff's designs, in an amount to be established at trial.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each, infringed Plaintiff's copyrights with knowledge that Plaintiff owned the exclusive rights in the Subject Designs, and that Defendants' acts described herein constituted infringement, and/or that Defendants, and each, were reckless in committing the infringement alleged herein. Per the above, Defendants' acts of copyright infringement as alleged above were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Further, Defendants, and each of them, willfully and intentionally misappropriated and/or infringed Plaintiff's copyrighted Subject Designs, which renders Defendants, and each of them, liable for the enhanced and statutory damages as described herein and/or a preclusion from deducting certain overhead costs. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## FOURTH CLAIM FOR RELIEF

**(Breach Of Implied and/or Quasi-Contract – Against HYDE PARK, LONDON)**

52. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

53. Plaintiff is informed and believes and hereon alleges that prior to the infringement alleged herein, HYDE PARK and LONDON had or took access to, and possession of, samples of one or more of the Subject Designs directly from Plaintiff. HYDE PARK and LONDON received these samples only after agreeing, by way of purchase, to Plaintiff's contractual restriction that HYDE PARK and LONDON, respectively, would seek Plaintiff's authorization before creating any product

bearing any of the Subject Designs, and, if it was to create product bearing any of the Subject Designs, it would only do so only through Plaintiff.

54. Plaintiff and HYDE PARK, and Plaintiff and LONDON, further understood and agreed that HYDE PARK nor LONDON, would advertise, promote, or publish any of the Subject Designs, or jewelry bearing any of the Subject Designs, or derivative thereof, unless the products it was advertising, promoting, or publishing were authorized by Plaintiff, and/or created from material for which Plaintiff was paid.

55. HYDE PARK and LONDON, and each, when receiving access to the Subject Designs, expressly and impliedly promised, pursuant to the purchase agreement, to seek authorization from Plaintiff before using any of the Subject Designs in any manner, and promised to pay Plaintiff for the use of any of the Subject Designs if any of them chose to use any of the Subject Designs in any way. This promise to pay for use of the Subject Designs was discrete from HYDE PARK and LONDON's respective promises not to infringe the Subject Designs.

56. Plaintiff provided access to the Subject Designs to HYDE PARK, and LONDON while negotiating a possible purchase by HYDE PARK and LONDON of Plaintiff's products. When providing access to the Subject Designs to HYDE PARK and LONDON, and each, Plaintiff clearly indicated that HYDE PARK and LONDON, and each, was receiving access to the Subject Design with the condition that HYDE PARK and LONDON was to tender to Plaintiff the reasonable value of use of any of the Subject Designs if HYDE PARK and/or LONDON was to make use of any the Subject Designs.

57. Plaintiff, HYDE PARK and LONDON, engaged in the transactions set forth herein, wherein Plaintiff provided access to the Subject Designs to HYDE PARK and LONDON with the understanding and expectation, clearly understood by

said parties, that Plaintiff would first authorize, and then be paid for, any use of any of the Subject Designs by HYDE PARK and/or LONDON.

58. Plaintiff would not have disclosed the Subject Designs to HYDE PARK and/or LONDON without each party's agreement to the stipulations and conditions regarding Plaintiff's authorization of, and payment receipt for, any use of any of the Subject Designs HYDE PARK and/or LONDON.

59. Plaintiff is informed and believes and thereon alleges that, despite this knowledge and understanding, HYDE PARK and LONDON created or had created, purchased, distributed, advertised, and/or sold product copied from, and substantially similar to, the Subject Designs, or a derivation thereof, and published, advertised, sold, and promoted such products. In doing so, HYDE PARK and LONDON, and each, failed to seek Plaintiff's authorization before using the Subject Designs, and failed to pay Plaintiff for use of the Subject Designs, in violation of the parties' express and implied agreements as to same.

60. Due to the above, Plaintiff has suffered general and special damages, in an amount to be established at trial.

## FIFTH CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing – Against HYDE PARK, LONDON)

126. Plaintiff repeats, realleges and incorporates herein by reference, as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

127. Plaintiff is informed and believes and thereon alleges, as set forth herein, that Plaintiff entered into certain contracts and/or agreements, as discussed above, with, HYDE PARK and LONDON, and Plaintiff discharged all of its obligations under said agreements.

128.   Plaintiff is informed and believes and thereon alleges that despite the above, said Defendants interfered with Plaintiff's rights when they later conspired with DOE Defendants to develop, distribute, market and sell a product that was copied from Plaintiff's product, infringes Plaintiff's intellectual property rights, and which competes with product offered by Plaintiff.

129.   This failure was a breach of the covenant of good faith and fair dealing, and caused general and special harm to Plaintiff in an amount to be established at trial.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

Against All Defendants and With Respect to Each Claim for Relief

a.  That Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 101, *et seq.*;

b.  An award of actual damages sustained by Plaintiff;

c.  That Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 101, *et seq.*,

d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

e.  That Plaintiff be awarded the costs of this action;

f.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper;

g.  That an imposition of a constructive trust be entered over all products and materials bearing, in whole or in part, any of the Subject Designs, to the extent said products and materials were created, purchased, sold, advertised, or distributed in violation of Plaintiff's rights therein, as well as all registrations relating to Plaintiff's works filed by Defendants, any

of them, and any third parties, and all profits, monies, royalties, and any
other benefits derived or obtained by Defendants, or any of them, from
the wrongful ownership, use, purchase, sale, distribution, licensing, or
exploitation of Plaintiff's works of art.

Plaintiff demands a **jury trial** pursuant to Fed. R. Civ. P. 38 and the 7th
Amendment to the United States Constitution.

Dated: October 26, 2012

DONIGER / BURROUGHS

By: /s/ Scott A. Burroughs
Scott A. Burroughs, Esq.
Attorneys for Plaintiff
A'LOR INTERNATIONAL, LTD.

# EXHIBIT 1

**INFRINGING HYDE PARK DESIGNS**



**ALOR SUBJECT DESIGNS**










## INFRINGING LONDON DESIGNS



## ALOR SUBJECT DESIGNS







Stephen M. Doniger, Esq. (SBN 179314)
Scott A. Burroughs, Esq. (SBN 235718)
DONIGER/BURROUGHS, APC
300 Corporate Pointe, Suite 355
Culver City, California  90230
Telephone: (310) 590-1820

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| A'LOR INTERNATIONAL, LTD., a California Limited Company, individually and doing business as "CHARRIOL USA" | CASE NUMBER |
|---|---|
| **PLAINTIFF(S)** | **CV12-09270** RGK (FFMX) |
| v. | |
| HYDE PARK JEWELERS, INC., a Colorado Corporation; et. al. [See Attached "Schedule A"] | **SUMMONS** |
| **DEFENDANT(S).** | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Scott A. Burroughs, Esq._____, whose address is _DONIGER / BURROUGHS APC 300 Corporate Pointe, Ste. 355 Culver City, CA 90230_.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

OCT 2 9 2012

Clerk, U.S. District Court
JULIE PRADO

Dated: _____

By: _____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## **"SCHEDULE A"**

A'LOR INTERNATIONAL, LTD., a California Limited Company, individually and doing business as "CHARRIOL USA,"

Plaintiff,

v.

HYDE PARK JEWELERS, INC., a Colorado Corporation; LONDON JEWELERS, INC., a New York Business Corporation; CELLINI JEWELERS, a New York Company, and DOES 1 through 10, inclusive,

Defendants.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

A'LOR INTERNATIONAL, LTD. a California Limited Company, individually and doing business as "CHARRIOL USA"

**DEFENDANTS**

HYDE PARK JEWELERS, INC., a Colorado Corporation; LONDON JEWELERS, INC., a New York Business Corporation; CELLINI JEWELERS, a New York Company; and DOES 1-10.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephen M. Doniger (SBN 179314)    300 Corporate Pointe, Suite 355
Scott A. Burroughs (SBN 235718)    Culver City, California 90230
DONIGER/BURROUGHS, APC    Tel: (310) 590-1820; Fax: (310) 417-3538

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes    ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes    ☒ No    ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Copyright Act of 1976, Title 17 U.S.C., § 101 et seq. - Action for misappropriation of Plaintiff's two-dimensional artwork used in the textile industry.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☒ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

## CV12-09270

**FOR OFFICE USE ONLY:**    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| A'LOR INTERNATIONAL, LTD. -Los Angeles County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | HYDE PARK JEWELERS, INC.-Colorado<br>LONDON JEWELERS, INC.-New York<br>CELLINI JEWELERS-New York |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 10/26/2012

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge R. Gary Klausner and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV12- 9270 RGK (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY